# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs March 12, 2014

## STATE OF TENNESSEE v. TRAVIS DARNELL KENDRICK

### Appeal from the Circuit Court for Robertson County
### No. 2012CR461     Michael R. Jones, Judge

### No. M2013-01638-CCA-R3-CD - Filed April 24, 2014

The defendant, Travis Darnell Kendrick, was found to be in violation of the terms and conditions of his probation agreement and was sentenced to serve the remainder of his sentence in confinement.  On appeal, the defendant claims that the trial court abused its discretion by ordering the remainder of his sentence to be served in incarceration.  After review of the record, we find no abuse of discretion and affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Roger E. Nell, Clarksville, Tennessee, for the appellant, Travis Darnell Kendrick.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Senior Counsel; John W. Carney, District Attorney General; and Jason White, Assistant District Attorney General for the appellee, State of Tennessee.

## OPINION

### FACTS AND PROCEDURAL HISTORY

On September 28, 2012, the defendant pleaded guilty to theft of property over $500, a Class E felony, and received a two-year determinate-release sentence.  On January 22, 2013, the defendant was released on supervised probation.  On February 28, 2013, the defendant was  charged with and arrested for violent domestic assault, theft of property,

driving on a revoked license, and evading arrest. On March 15, 2013, the trial court issued a probation violation warrant. The domestic violence and theft of property charges were subsequently dropped in general sessions court. The trial court conducted a violation of probation hearing in regards to the charges of driving on a revoked license and evading arrest.

At the hearing, the evidence established that on February 24, 2013, Officer Kyle Reeves of the Springfield Police Department was dispatched to the Shelbylynn Drive area in reference to a violation of bond conditions by the defendant.[1] He initially did not recall if there were any active warrants out for the defendant's arrest. Officer Reeves spoke with Ms. Harley Daily who advised him "about the -- the violation, that he [the defendant] had come over there." The defendant then telephoned Ms. Daily, and Ms. Daily informed Officer Reeves that the defendant "was on his way back to that location."

Officer Reeves then parked at the end of the cul-de-sac and waited for the defendant to arrive. Officer Reeves later recalled that the defendant had a warrant out for his arrest on the charge of domestic assault. Once the defendant arrived and started to exit his vehicle, Officer Reeves ordered him to stop and informed the defendant that he was under arrest because "he had a warrant on him." The defendant stated that he did not have a warrant out for his arrest, returned to his vehicle, and proceeded to drive away. Officer Reeves noted that the defendant "took off at a pretty good click."

Officer Reeves attempted to follow the defendant in his own vehicle but was unable to catch up to him. The chief of police found the vehicle that the defendant was operating, and informed Officer Reeves that he observed the defendant fleeing from the vehicle. Officer Reeves arrived at the scene and identified the abandoned vehicle as the same one the defendant had been operating. Officer Reeves checked the status of the defendant's driver's license and determined that it was revoked. The police were unable to catch up to the defendant but issued warrants for his arrest on the charges of evading arrest and driving on a revoked license.

On cross-examination, Officer Reeves confirmed that there was only a warrant out for the defendant's arrest on the charge of domestic assault, not a violation of bond conditions. He also stated that he issued warrants for the defendant's arrest for driving with a revoked license and for evading arrest. Officer Reeves recalled that while there were no existing

---

[1]Officer Reeves initially believed that there were bond conditions in place that the defendant violated. However, on cross-examination, Officer Reeves reviewed his incident report which stated that there were no bond conditions between the defendant and Ms. Daily and confirmed that the defendant was not out on bond at the time these violations occurred.

bond conditions, he was certain that there was a warrant out for the defendant's arrest and his dispatch confirmed the existence of this warrant.

After hearing the testimony of Officer Reeves, the trial court ordered that the defendant served the remainder of his sentence in incarceration. The trial court stated that "[u]pon hearing all of the evidence, the court finds by a preponderance of the evidence that the defendant violated the terms and conditions of his probation due to committing the new criminal offense of misdemeanor evading arrest and driving on revoked license." In sentencing the defendant to serve the remainder of his sentence in the Tennessee Department of Correction, the trial court noted that the defendant committed these offenses "barely a month" after beginning his probation.

On July 5, 2013, the defendant filed a timely notice of appeal. We proceed to consider his claims.

## ANALYSIS

The defendant argues that the trial court abused its discretion when it revoked his probation and when it ordered him to serve the remainder of his sentence in confinement. Specifically, he contends that the attempted arrest by Officer Reeves was unlawful because Officer Reeves did not have sufficient facts to support a finding of probable cause of a violation of bond conditions and that the trial court abused its discretion by ordering confinement for the minor infraction of driving with a revoked license. The State argues that the defendant did not raise the issue of an unlawful arrest in the trial court, thus waiving the issue for appeal, and contends that even if the issue is not waived, Officer Reeves had probable cause to attempt to arrest the defendant. The State further contends that because driving with a revoked license was a violation of the defendant's probation, the trial court did not abuse its discretion in ordering the defendant to serve the remainder of his sentence in custody.

A trial court has the discretion to revoke probation if it finds by a preponderance of the evidence that a defendant violated the conditions of probation. *See* T.C.A. §§ 40-35-310, -311(e) (2010); *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). If the trial court does find by a preponderance of the evidence that the defendant has violated the conditions of probation, the court is granted the authority to: (1) order confinement; (2) order execution of the sentence as originally entered; (3) return the defendant to probation on appropriate modified conditions; or (4) extend the defendant's probationary period by up to two years. T.C.A. §§ 40-35-308(a), -308(c), -310, -311(e)(1). "The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment." *State v. Harkins*, 811 S.W.2d 79, 82

(Tenn. 1991).

Appellate courts have a limited scope of review when a defendant challenges a probation revocation. This court will not disturb the judgment of the trial court "unless it appears that there has been an abuse of discretion." *Id.* A trial judge abuses his or her discretion only if there is "no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation occurred." *Shaffer*, 45 S.W.3d at 554 (Tenn. 2001).

The defendant first argues that the trial court abused its discretion when it found that evading arrest was a violation of the defendant's probation. He cites to Tennessee Code Annotated section 39-16-603(a)(2) in asserting that "[i]t is a defense to prosecution under subsection (a) that the attempted arrest was unlawful." He argues that because the attempted arrest was unlawful he did not commit the offense of evading arrest and that the trial court abused its discretion by finding that he violated the terms of his probation when he committed the offense of evading arrest. We do not agree.

The defendant did not raise the issue of an unlawful arrest in the trial court. "An issue raised for the first time on appeal is generally waived." *State v. Reams*, 265 S.W.3d 423, 431 (Tenn. Crim. App. 2007) (citing *State v. Alvarado*, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996)). However, even if the issue is not waived, the defendant is not entitled to relief on this claim.

The evidence shows that Officer Reeves was aware that the defendant had a warrant out for his arrest on the charge of domestic assault on February 24, 2013. This gave the officer sufficient probable cause to attempt to arrest the defendant, regardless of the existence of bond conditions. The officer was aware of a valid warrant which existed and supported his attempt to take the defendant into custody. The defendant then fled, which led the trial court to find that the defendant committed the misdemeanor offense of evading arrest, a violation of the terms of his probation. We agree that there was substantial evidence to prove that the defendant violated the terms of his probation. The evidence showed that the defendant drove away in an attempt to flee Officer Reeves after Officer Reeves informed him that he was under arrest because a warrant for the charge of domestic assault had been issued. The defendant's car was then found abandoned by the chief of police, and law enforcement officers issued warrants for the defendant's arrest after they were unable to locate him. Thus, we conclude that the trial court did not abuse its discretion in revoking the defendant's probation. Once revocation is established, the trial court is statutorily authorized to order the defendant to serve the remainder of his sentence in incarceration. Thus, the defendant is entitled to no relief on this claim.

The defendant next concedes that he was driving with a revoked license, but argues that the trial court should not have revoked his probation based upon "such a minor infraction." Rule 2 of the defendant's probation certificate states that "I will obey the laws of the United States or any state in which I may be, as well as any municipal ordinances." Tennessee Code Annotated section 55-50-504(a)(1) states that it is a Class B misdemeanor to operate a motor vehicle with a revoked driver's license. Thus, the defendant violated the terms of his probation when he was operating a motor vehicle with a revoked driver's license. Therefore, the trial court did not abuse its discretion in ordering the defendant to serve the remainder of his sentence in confinement. Accordingly, the defendant is not entitled to any relief on this claim.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.


_____
JOHN EVERETT WILLIAMS, JUDGE